IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**James Germalic,**

    **Plaintiff,**

    v.

**Frank LaRose**

    **Defendant.**

Case No. 2:23-cv-03706
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on November 3, 2023. (Doc. 1). From its review of the Motion, the Court was unable to determine why Plaintiff claimed he was unable to pay the Court's filing fee. (*See* Doc. 3). The Court ordered Plaintiff to file a revised motion to proceed without prepayment of fees that included more information about Plaintiff's monthly expenses. (*Id.*). The Court gave Plaintiff until November 27, 2023, to do so. (*Id.*). But on November 27, Plaintiff filed a motion to extend that deadline to December 2, 2023, citing his trouble finding legal representation. (Doc. 4). The Court allowed for an extension to December 4, 2023, but warned that it would grant no further extensions. (Doc. 6). That deadline has now passed, yet Plaintiff has not filed a revised motion to proceed without prepayment of fees. Therefore, the Court will now rule on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1). Following reasons, the Undersigned **RECOMMENDS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED**.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id.* at 339 (internal quotation marks omitted). Although

the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the court's filing fee will render the plaintiff unable to provide for himself, the court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In his affidavit, Plaintiff said that he had approximately $200.00 between cash on hand and his bank account, and that he owns his home, worth $127,000. (Doc. 1 at 3). Plaintiff represented that he had no job and that every month he paid a $138.00 sewer bill and a $12.00 water bill. (*Id.* at 2–3). But Plaintiff also said that he earned $694.00 in social security benefits each month and does not have any dependents to support. (*Id.* at 2). Given Plaintiff's stated expenses, he would still have $544.00 each month left over. Therefore, given his income from benefits, the Undersigned does not find that his obligations are overly onerous.

Based on these representations, it does not appear that paying the one-time filing fee would cause Plaintiff to be deprived the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee"). Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED**. If this recommendation is adopted, it is further

**RECOMMENDED** that Plaintiff be required to pay the filing fee within **seven (7) days** of adoption.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:   December 5, 2023                           /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE