UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GERMALIC, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-cv-3706 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| FRANK LAROSE, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter is before this Court on Plaintiff's Motions for Leave to Proceed *in forma pauperis.* (ECF Nos. 1 and 12). In her Report and Recommendation ("R&R"), the United States Magistrate Judge recommended that this Court:

- Deny Plaintiff's Motion for Leave to Proceed *in forma pauperis.* (ECF No. 1); and
- Require that Plaintiff pay the filing fee within seven (7) days of the R&R's adoption.

(ECF No. 7 at 2-3). Plaintiff was advised of his right to object to the R&R within fourteen days and of the rights he would waive by failing to do so. (*Id*. at 3). The Magistrate Judge notes that it is unclear why Plaintiff claimed he was unable to pay the Court's filing fee and ordered Plaintiff to file a revised motion to proceed that included more information about Plaintiff's monthly expenses. (*Id.*). The Court gave Plaintiff until November 27, 2023 to do so, at which point Plaintiff requested an extension. (*Id.*). The Court allowed for an extension to December 4, 2023, yet Plaintiff failed to meet even that deadline.

Plaintiff timely objected to the Magistrate Judge's Report and Recommendation (ECF No. 11). His objections, however, do not address the crux of the issue identified by the Magistrate

Judge in recommending dismissal: that, though he seeks to proceed *in forma pauperis*, he still has not addressed the basic elements of such a request.

As the Magistrate Judge noted, the Supreme Court has held that an affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life*." Adkins v. E.I. DuPont de Nemours & Co., Inc* 335 U.S. 331, 339 (1948). To proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Here, given Plaintiff's stated expenses, he would still have $544 left over each month with which to pay court costs. As a result, the Magistrate Judge did not find Plaintiff's financial obligations to be overly onerous. Plaintiff asserts similar arguments in his second Motion for Leave to Proceed *in forma pauperis*, again arguing that his financial state is insufficient to pay for his monthly expenses and court costs. (ECF No. 12 at 5).

This Court, however, need not further weigh Plaintiff's financial condition because even if he were permitted to proceed *in forma pauperis*, his claim would still be dismissed under 28 U.S.C. § 1915(d). A district court is required to dismiss a claim filed *in forma pauperis* under 28 U.S.C. § 1915(d) if "the action is frivolous or malicious." *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). According to 28 U.S.C. § 1915(e)(2), a case can be dismissed if an action or appeal is either frivolous or fails to state a claim. A complaint is frivolous "where it lacks an arguable basis in law or in fact, including fanciful allegations." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), litigants are not relieved of the duty to develop claims with an appropriate degree of specificity. *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005).

In this case, Plaintiff's underlying Complaint (ECF No. 1) is frivolous. Throughout Plaintiff's Complaint, he does not provide an arguable basis in law or in fact for the presented claims. Plaintiff argues that early voting is wrong because it does not give write-in candidates a chance on the day of the actual election, but he provides no legal basis for this argument. He claims that he is running for President, and therefore that early voting for the November 2023 election has harmed him. However, November's election was for ballot measures related to reproductive freedom and recreational cannabis. The election for the office of President of the United States is not until November *2024*. Even if Plaintiff meant 2024, Plaintiff fails to state an actionable claim. He seeks for "the Supreme Court to recognize that elections are the same as jury trials" and for "the Supreme Court to declare early voting a destruction of the U.S. political system." (ECF No. 1 at 6). Nowhere in his Complaint does Plaintiff lodge a valid legal argument or assert a concrete claim upon which relief might be granted. Accordingly, Plaintiff's Complaint is frivolous per the *Neitzke* standard, and is thus barred by 28 U.S.C. § 1915(e).

This Court concludes that the Magistrate Judge did not err in recommending that Plaintiff's Motion be denied. Furthermore, this Court's independent review of the entire record convinces this Court that the Magistrate Judge's decision enjoys substantial support and complied with all applicable standards. Accordingly, the Magistrate Judge's R&R (ECF No. 7) is hereby **ADOPTED**, Plaintiff's Objections (ECF No. 11) are **OVERRULED**, and Plaintiff's Motions for Leave to Proceed *in forma pauperis* (ECF Nos. 1 and 12) are **DENIED**. This Court therefore **ORDERS** Plaintiff to pay the full filing fee required to commence this action **WITHIN SEVEN DAYS**; failure to timely pay the full fee within seven days will result in dismissal of this action.

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith.

  **IT IS SO ORDERED.**

                _____
                **ALGENON L. MARBLEY**
                **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  April 25, 2024**